UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

MICHAEL CURTIS REYNOLDS,          :
                                  :
        Plaintiff                 :
                                  :
    v.                            :  CIVIL NO. 4:CV-06-1190
                                  :
LACKAWANNA COUNTY PRISON,         :  (Judge McClure)
ET AL.,                           :
                                  :
        Defendants                :

## MEMORANDUM AND ORDER

July 7, 2006

**Background**

Michael Curtis Reynolds ("Plaintiff"), an inmate presently confined in the Lackawanna County Prison, Scranton, Pennsylvania, initiated this pro se civil rights action pursuant to 42 U.S.C. § 1983. The complaint is accompanied by a request for leave to proceed in forma pauperis.[1] For the reasons set forth below, Reynolds' complaint will be dismissed, without prejudice, as legally frivolous pursuant to the screening provisions of 28 U.S.C. § 1915(e)(2)(B)(i).

---

1. Reynolds completed this Court's form application to proceed in forma pauperis and authorization to have funds deducted from his prison account. The Court then issued an Administrative Order directing the warden of the Lackawanna County Prison to commence deducting the full filing fee from Plaintiff's prison trust fund account.

Named as Defendants are the Lackawanna County Prison and its Warden Janine Donate. The complaint alleges in its entirety as follows:

> While on lockdown in AC for no write up, there is no law library access. Excuses are that counselor will bring books or copy, he does nothing. We cannot defend cases without access to law library.

Record document no. 1, ¶ IV. As relief, Plaintiff seeks compensation and a change in policy.

**Discussion**

28 U.S.C. § 1915 imposes obligations on prisoners who file civil actions in federal court and wish to proceed in forma pauperis. § 1915(e)(2) provides:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that (A) the allegation of poverty is untrue; or (B) the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.

A district court may determine that process should not be issued if the complaint is malicious, presents an indisputably meritless legal theory, or is predicated on clearly baseless factual contentions. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989); Wilson v. Rackmill, 878 F.2d 772, 774 (3d Cir. 1989).[2] The Court of Appeals for the Third Circuit has added that "the plain meaning of 'frivolous' authorizes the dismissal of in forma pauperis claims that . . . are of little or no weight, value, or

---

2. Indisputably meritless legal theories are those "in which it is either readily apparent that the plaintiff's complaint lacks an arguable basis in law or that the defendants are clearly entitled to immunity from suit." Roman v. Jeffes, 904 F.2d 192, 194 (3d Cir. 1990) (quoting Sultenfuss v. Snow, 894 F.2d 1277, 1278 (11th Cir. 1990)).

importance, not worthy of serious consideration, or trivial." <u>Deutsch v. United States</u>, 67 F.3d 1080, 1083 (3d Cir. 1995). "The frivolousness determination is a discretionary one," and trial courts "are in the best position" to determine when an indigent litigant's complaint is appropriate for summary dismissal. <u>Denton v. Hernandez</u>, 504 U.S. 25, 33 (1992).

**<u>Lackawanna County Prison</u>**

The United States Supreme Court has ruled that a § 1983 action brought against a "State and its Board of Corrections is barred by the Eleventh Amendment unless [the State] has consented to the filing of such a suit." <u>Alabama v. Pugh</u>, 438 U.S. 781, 782 (1978). The Court of Appeals for the Third Circuit has likewise concluded that the Pennsylvania Board of Probation and Parole could not be sued because "it is not a 'person' within the meaning of Section 1983." <u>Thompson v. Burke</u>, 556 F.2d 231, 232 (3d Cir. 1977).

Similarly, a prison or correctional facility is not a person within the meaning of § 1983. <u>See</u> <u>Fischer v. Cahill</u>, 474 F.2d 991, 992 (3d Cir. 1973); <u>Philogene v. Adams County Prison</u>, Civ. No. 97-0043, slip op. at p. 4 (M.D. Pa. Jan. 30, 1997) (Rambo, C.J.); <u>Sponsler v. Berks County Prison</u>, Civ. A. 95-1136, 1995 WL 92370, at *1 (E.D. Pa. Feb. 28, 1995). Pursuant to the above standards, the Lackawanna County Prison is clearly not a person and may not be sued under § 1983. <u>See</u> <u>Thompkins v. Doe</u>, No. 99-3941, slip op. at 3 (3d Cir. March 16, 2000).

**<u>Warden Donate</u>**

A plaintiff, in order to state a viable civil rights claim under § 1983, must plead two essential elements: (1) that the conduct complained of was committed by a person acting under color of state law, and (2) that said conduct deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States. Groman v. Township of Manalapan, 47 F.3d 628, 638 (3d Cir. 1995); Shaw by Strain v. Strackhouse, 920 F.2d 1135, 1141-42 (3d Cir. 1990).

Civil rights claims cannot be premised on a theory of respondeat superior. Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988). Rather, each named defendant must be shown, via the complaint's allegations, to have been personally involved in the events or occurrences which underlie a claim. See Rizzo v. Goode, 423 U.S. 362 (1976); Hampton v. Holmesburg Prison Officials, 546 F.2d 1077 (3d Cir. 1976). As explained in Rode:

> A defendant in a civil rights action must have personal involvement in the alleged wrongs. . . . [P]ersonal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence.

Rode, 845 F.2d at 1207.

Other than being named as a defendant, the complaint fails to set forth any specific averments with respect to Warden Donate. There is no claim asserted that the alleged constitutional mistreatment was ordered or condoned by the Warden. Likewise, there are no facts alleged which support a claim that a violation of Plaintiff's constitutional rights resulted from a policy or custom approved by the Warden.

Since there are no allegations that the Defendant had any knowledge, participation or acquiescence in the alleged deprivations, it is apparent that the Plaintiff is attempting to establish liability against the Warden solely on the basis of her supervisory capacity. Consequently, under the standards announced in Rode, the claims against Warden Donate are also appropriate for summary dismissal.

**Access to the Courts**

It is well-settled that prison inmates have a constitutional right of meaningful access to law libraries, legal materials or legal services. Bounds v. Smith, 430 U.S. 817, 821-25 (1977). Failure to provide inmates with legal research material or trained legal assistance can constitute a constitutional violation. Gluth v. Kangas, 951 F.2d 1504, 1507 (9th Cir. 1991). The United States Supreme Court in Lewis v. Casey, 518 U.S. 343, 351-54 (1996), clarified that an inmate plaintiff, in order to set forth a viable claim under Bounds, must demonstrate that a non-frivolous legal claim had been frustrated or was being impeded. A plaintiff must also allege an actual injury to his litigation efforts.

Based on a review of the complaint, Plaintiff has not satisfied his burden under Lewis of demonstrating that he suffered an actual injury to a non-frivolous litigation effort. Therefore, his denial of access to the courts claim, even if asserted against a properly named defendant, could not proceed.

**Conclusion**

Since Plaintiff's complaint is "based on an indisputably meritless legal theory," it will be dismissed, without prejudice, as legally frivolous. Wilson, 878 F.2d at 774. Consequently,

**IT IS HEREBY ORDERED THAT:**

1. The Plaintiff's complaint is dismissed without prejudice as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).
2. The Clerk of Court is directed to close the case.[3]
3. Any appeal from this order will be deemed frivolous, without probable cause and not taken in good faith.

      s/ James F. McClure, Jr.
JAMES F. McCLURE, JR.
United States District Judge

---

[3]. The dismissal of this action does not relieve Plaintiff of the obligation to pay the full filing fee. Until the filing fee is paid in full, the Administrative Order issued in this case is binding on the Warden of the Lackawanna County Prison, as well as the Superintendent of any correctional facility to which Plaintiff is transferred.