UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

MICHAEL CURTIS REYNOLDS, :
:
    Plaintiff :
:
    v. : CIVIL NO. 4:CV-06-1190
:
LACKAWANNA COUNTY PRISON, : (Judge McClure)
ET AL., :
:
    Defendants :

**ORDER**

January 4, 2007

**Background**

    This pro se civil rights action pursuant to 42 U.S.C. § 1983 was filed by Michael Curtis Reynolds ("Plaintiff"), an inmate presently confined in the Lackawanna County Prison, Scranton, Pennsylvania. Named as Defendants are the Lackawanna County Prison and its Warden Janine Donate.

    By Memorandum and Order dated July 7, 2006, Reynolds' complaint was dismissed, without prejudice, as legally frivolous pursuant to the screening provisions of 28 U.S.C. § 1915(e)(2)(B)(I). Specifically, this Court concluded that the Lackawanna County Prison was not a person for purposes of § 1983 and therefore, not a properly named Defendant. Second, since there were no allegations that Warden Donate had any knowledge, participation or acquiescence in the alleged constitutional

deprivations, it was determined that the Plaintiff was improperly attempting to establish liability against the Warden solely on the basis of her supervisory capacity. In addition, this Court noted that Reynolds' denial of access to the courts claim, even if asserted against a properly named defendant, could not proceed because he had not demonstrated that he suffered any injury to a non-frivolous litigation effort.

**Discussion**

A motion for reconsideration is a device of limited utility.  It may be used only to seek remediation of manifest errors of law or fact or to present newly discovered precedent or evidence which, if discovered previously, might have affected the court's decision.  Harsco Corp. v. Zlotnicki, 779 F.2d 906 (3d Cir. 1985), cert. denied, 476 U.S. 1171 (1986).

It has also been held that a motion for reconsideration is appropriate in instances such as where the court has " . . . misunderstood a party, or has made a decision outside the adversarial issues presented to the court by parties, or has made an error not of reasoning, but of apprehension."  See Rohrbach v. AT & T Nassau Metals Corp., 902 F. Supp. 523, 527 (M.D. Pa. 1995), vacated in part on other grounds on reconsideration, 915 F. Supp. 712 (M.D. Pa. 1996) (quoting Above the Belt, Inc. v. Mel Bohannan Roofing, Inc., 99 F.R.D. 99, 101 (E.D. Va. 1983). "Because federal courts have a strong interest in the finality of judgments, motions for reconsideration should be granted sparingly." Continental Casualty Co. v. Diversified Indus., Inc., 884 F. Supp. 937, 943 (E.D. Pa. 1995).

Plaintiff's reconsideration motion does not present any facts or arguments which would undermine this Court's prior determination that: (1) the Lackawanna County Prison is not a proper defendant for purposes of § 1983; and (2) there were no factual averments alleging that Warden Donate had any personal involvement in any purportedly unconstitutional actions; and (3) Plaintiff did not satisfy his burden of demonstrating that he suffered an actual injury to a non-frivolous litigation effort.

Since Reynolds' reconsideration motion has failed to establish the presence of any errors of law or fact and does not set forth any newly discovered evidence or precedent, it will be denied. Consequently,

**IT IS HEREBY ORDERED THAT**:

>Plaintiff's motion for reconsideration ( Record document no. 14) is DENIED.

    s/ James F. McClure, Jr.
JAMES F. McCLURE, JR.
United States District Judge